McMILLIN, C.J., for the Court:
¶ 1. Nathaniel Stokes Watson has appealed his conviction for burglary and grand larceny in the Circuit Court of the Second Judicial District of Panola County. He alleges that the evidence was insufficient as a matter of law to sustain the convictions and asks this Court to reverse both convictions and render verdicts of not guilty. Alternatively, he urges this Court to conclude that he was denied a fundamentally fair trial when his defense counsel’s cross-examination of a State’s witness was arbitrarily curtailed by a ruling of the trial court. We find no merit in either claim and affirm Watson’s convictions.
I.
Facts
¶ 2. As a result of a law enforcement investigation, Watson and Antonio Readus became suspects in the June 24, 1999, burglary of the residence of Billy Baker. Readus ultimately confessed to his role in the burglary, telling police he and Watson had sold certain items of the stolen merchandise to Shawn White. He assisted police in recovering said merchandise from the home of White. At trial, Readus testified for the State and told the jury that he and Watson had acted in concert in committing the burglary. Readus’s testimony was the principal evidence directly implicating Watson in the crime.
II.
Sufficiency of the Evidence
¶ 3. The State seeks to raise a procedural bar to consideration of Watson’s attack on the sufficiency of the evidence, saying that, though Watson moved for a directed verdict at the close of the State’s case in chief (which the trial court denied), he failed to renew the motion after putting on evidence in his defense. It is, in fact, correct that the decision to put on evidence in defense of a criminal charge after a motion for a directed verdict at the close of the State’s case has been denied acts as a waiver of error as to that ruling. Harrell v. State, 583 So.2d 963, 965 (Miss.1991). However, while Watson did not verbally renew his motion for a directed verdict after the defense rested, the record shows that, among the jury instructions he submitted, was one asking the court to direct a verdict of acquittal. The record further shows that this requested instruction was refused. After the guilty verdict was returned, Watson filed a motion for judgment notwithstanding the verdict and, as one ground in support of the motion, alleged that “[n]o reasonable juror could find the Defendant guilty beyond a reasonable doubt.... ” This motion was denied by written order of the trial court. We conclude that this was sufficient to preserve for review on appeal a challenge to the sufficiency of the evidence and we, therefore, proceed to the merits of Watson’s claim of error.
¶ 4. In his brief, Watson states in general principles the considerations that must be taken into account in assessing the sufficiency of the evidence of guilt of a criminal charge. However, he fails to speak with any particularity as to what essential element or elements of the crime were not shown to have been committed by Watson by the proof. Our independent review of the record leaves us convinced that the State put on competent evidence as to each of the essential elements of the charged crimes. Though the primary evidence implicating Watson in the crimes came from his co-indictee, Antonio Readus, the law of this State is clear that such testimony is sufficient to uphold a convic *599 tion. Jones v. State, 740 So.2d 904, 910 (¶ 17) (Miss.1999). We find Watson’s rather nebulous assertions regarding the insufficiency of the evidence to be without merit.
III.
Objections to Hearsay
¶ 5. Secondly, Watson claims that he was prevented from vigorously cross-examining his co-indictee, Antonio Readus, in an attempt to impeach Readus’s testimony implicating Watson in the crimes. Because Readus’s testimony was a critical part of the State’s ease, Watson contends that his inability to pursue legitimate impeachment of the witness denied him a fundamentally fair trial, citing Sayles v. State, 552 So.2d 1383 (Miss.1989). In that case, the Mississippi Supreme Court reversed a criminal conviction on the ground, among others, that the defense was improperly cut off from attempting to show a witness’s bias based on the fact that the defendant had previously been romantically involved with the witness’s wife. Sayles, 552 So.2d at 1386. The Sayles case does, in fact, stand for the proposition that a defendant is entitled to fully test the witnesses against him through a vigorous cross-examination and it may constitute reversible error if that right is arbitrarily denied. Id. However, the case also stands for the proposition that the cross-examination must be about some issue relevant to the case. Id. at 1385. In the case now before us, defense counsel was trying to force Readus to concede that Shawn White, the person from whom the stolen goods were recovered, had told police that Readus was alone when the goods were delivered to him and that Watson was not present at the time as Readus had testified at trial. The trial court sustained a hearsay objection to that testimony. Trial counsel then asked the witness whether he had read White’s statement given to the police. The trial court sustained an objection to that question as both irrelevant and as hearsay, since it seemed to be an attempt to get information in White’s statement before the jury.
¶ 6. On appeal, Watson advances the proposition that the question concerning whether Readus had read White’s statement was capable of a “yes or no” answer that did not involve an issue of hearsay, so the trial court erred in sustaining an objection on that ground. While this may technically be correct, it is also true that the fact of whether or not Readus had read White’s statement was, standing alone, irrelevant to the issue being tried. Only if Readus could be subjected to further inquiry about the statement’s contents was there any possibility that matters relating to the crime could be brought out. It is evident from reviewing the record that defense counsel’s aim was to have Readus reveal matters of fact about the case as contained in White’s statement for the purpose of contrasting White’s version with that offered by Readus. It would have been impossible to pursue such a course without running afoul of the evidentiary rules against admitting hearsay. Murphy v. State, 453 So.2d 1290, 1294 (Miss.1984). The fact that the trial court may have been slightly premature in sustaining a hearsay objection one question too early, when the direction 'of defense counsel’s line of inquiry was so evident, does not constitute reversible error.
¶ 7. Certainly, a witness may be impeached by a demonstration that other potentially more credible witnesses have given a different version of critical events. However, the facts as related by others must be proven to the jury in some way other than a hearsay declaration from the witness sought to be impeached. The trial court did not commit reversible error in *600 his evidentiary rulings regarding this attempt by the defense to impeach the testimony of Antonio Readus.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF PANOLA COUNTY OF CONVICTION OF COUNT I, BURGLARY OF A DWELLING AND SENTENCE OF TWENTY-FIVE YEARS TO RUN CONSECUTIVELY WITH THE SENTENCE IN CAUSE #CR99-155-B(T); AND COUNT II, GRAND LARCENY, AND SENTENCE OF FIVE YEARS TO RUN CONCURRENTLY WITH THE SENTENCE IN COUNT I, TO BE SERVED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO PANOLA COUNTY.
KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, and CHANDLER, JJ., concur.
BRANTLEY, J., not participating.