863 So.2d 981 (2003)
Tamika Shante REED, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-01316-COA.
Court of Appeals of Mississippi.
December 16, 2003.
*983 Patsy Ann Bush, Hazlehurst, attorney for appellant.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before SOUTHWICK, P.J., THOMAS and GRIFFIS, JJ.
THOMAS, J., for the Court.
¶ 1. Tamika Shante Reed was tried and convicted of the murder of her former boyfriend by a Copiah County jury. Aggrieved, Reed asserts two errors by the lower court:
I. THE TRIAL COURT ERRED IN ADMITTING HEARSAY TESTIMONY INTO EVIDENCE WHICH RESULTED IN JURY VERDICT BASED UPON PASSION AND BIAS NOT ON EVIDENCE AND LAW.
II. THE TRIAL COURT ERRED IN FAILING TO GRANT JUDGMENT NOTWITHSTANDING THE VERDICT OR ALTERNATIVELY FOR A NEW TRIAL AS VERDICT WAS AGAINST OVERWHELMING WEIGHT OF CREDIBLE EVIDENCE.
¶ 2. Finding no error, we affirm the conviction.

FACTS
¶ 3. Tamika Reed and Willie Hart, Jr. had dated for some years prior to 2001. By the fall of 2001, however, the relationship had ended. There had been several incidents of violence between the two in the past. In June 2000, Reed assaulted Hart with a knife and was detained by police in the incident although she was apparently not arrested or otherwise charged. Reed had pressed assault charges against Hart for two separate events.
¶ 4. A hearing on one of the assault charges was scheduled for November 7, 2001, but was continued until the following month. In the early morning of November 8, 2001, Reed rode her bicycle to the home of a friend, Kwaundra Lopez. During the course of this visit, Lopez asked Reed if she intended to let authorities deal with Hart. Reed replied that she did not, she was going to kill Hart. Reed had a pistol on her person at the time she made this statement to Lopez. Reed left soon thereafter. As she was leaving, Reed stopped Troy Harris, a city water department employee, on the street and asked for a ride "uptown." Harris was unable to oblige and Reed left on the bicycle.
¶ 5. Another woman, LeAnna Collins, was present in the Lopez home at the time of this conversation but did not hear it. Lopez repeated the conversation with Reed to Collins, including the fact that Reed had a gun. Collins urged Lopez to call Reed's mother. Reed's mother called the police and asked them to look for her daughter although the stated reason was concern for Reed's health as she was riding a bicycle while pregnant.
¶ 6. Not long after leaving the Lopez home, Reed encountered Hart as he was exiting the home of his new girlfriend. A coworker of Hart's, Robert McGowan, was present and standing beside his parked *984 truck with Hart when Reed approached. McGowan stated Reed pulled out the gun as she approached the truck and Hart. Reed and Hart then exchanged words and Reed shot Hart twice, killing him. Reed fled the scene but was quickly apprehended by police and arrested. At trial, Reed testified that she had not intended to shoot Hart but rather to shoot around him in an effort to frighten him away. She stated that she was afraid of Hart because of their history and he was coming towards her with the intent to take away the gun and, presumably, to use it on her, so she fired.

ANALYSIS
1. Evidentiary rulings
¶ 7. Although Reed's first assignment of error mentions hearsay, this issue on brief actually lists a plethora of evidentiary rulings. She argues the following testimony should not have been allowed:
(1) Darryl Wilson and Robert McGowan, coworkers of Hart, testified Hart had received a telephone call from Reed at work on November 7. Hart told them Reed had threatened to kill him and then fired a gun. Reed objected to this testimony as hearsay. The prosecution argued the testimony was permissible to show Hart's state of mind. The objection was overruled as an exception to the hearsay rule under Mississippi Rule of Evidence 803(1),
(2) or (3). The trial court did not specify which of these exceptions best fit the facts so we assume they all were found applicable.
(2) Seth McClendon was called as a rebuttal witness. He testified he was present during a prior altercation between Reed and Hart and that Reed was the unprovoked aggressor, attacking Hart in a liquor store parking lot after following them from their mutual place of employment. McClendon also testified Reed would often call Hart at work or come to the place of employment and hide across the street, watching Hart. Reed made one objection during this testimony, to the statement by McClendon that Hart had not wanted to get out of the car at the liquor store because he was afraid Reed was going to try and harm him. No ground for the objection was given but it was sustained.
(3) Chad Seales, an officer with the Copiah County Sheriff's Department, testified on rebuttal that he had been called to the home of Willie Hart, Sr. in June 2000 after Reed assaulted Hart Jr. at his father's home with a knife and blocked the driveway with a car. Reed objected to this testimony as irrelevant and remote in time but the objection was overruled. Reed also objected to the officer's attempt to repeat what Hart had told him at the time of the incident on the ground of hearsay. This objection was sustained.
(4) Kathy Nash was a coworker of Hart and testified Reed would call and come by the place of business repeatedly until Nash had to tell her to cease. Reed made one objection during this testimony to the question of how Hart had received certain injuries Nash had seen on him. No ground for the objection was given but it was sustained and the question went unanswered.
(5) LeAnna Collins testified that Reed had come to the house twice on the morning of November 8, 2001, but Lopez was not home on the first occasion. Reed objected on the ground of improper rebuttal; Reed had not testified as to the number of times she attempted to reach Lopez that morning. The objection was overruled. Collins also testified as to the conversation repeated to her by Lopez that Reed intended to kill Hart and she had a gun. Reed objected to this as well, on the ground of *985 hearsay. This objection was also overruled.
¶ 8. With respect to the testimony of Seth McClendon and Kathy Nash, the only objections made by Reed, although with no stated grounds, were sustained. There is, thus, no error for appellate review. Smith v. State, 724 So.2d 280, 315 (¶ 137) (Miss.1998). Of the objections to the testimony of Chad Seales, one was sustained and the other, that the incident related was irrelevant and too remote in time, is not the same ground pressed upon appeal. Reed now argues the testimony was improper rebuttal evidence of a prior bad act. Having chosen her ground for objection at trial, Reed waives all other possible grounds for objection on appeal. Carter v. State, 722 So.2d 1258, 1262 (¶ 13) (Miss.1998).
¶ 9. In her brief to this Court, Reed argues the testimony of Wilson and McGowan regarding the telephone call to Hart was irrelevant because Hart's state of mind was irrelevant. At trial, the court specifically asked Reed whether the ground of her objection was relevance or hearsay and Reed chose hearsay. She could have objected upon both grounds but she did not. We will not now entertain the claim of irrelevance as it was also waived at trial.
¶ 10. Reed also appears to argue in her brief that the testimony should have been excluded as a prior bad act. Reed had filed a pre-trial motion in limine to exclude all prior bad acts but the court elected to rule upon each objection as made at trial rather than upon the motion. Reed argues that because the court knew of the motion in limine, it should have excluded the evidence on that basis as the ground was obvious even though she did not ever actually make such an objection.
¶ 11. A general objection is sufficient to preserve an issue for appeal when, in context, the basis for the objection is apparent. Id. at 1261-62 (¶ 13). The court made apparent that it would rule on prior bad acts testimony as objections were made. Reed was thus aware she had to make such objections. She did not do so. Nor was it readily apparent from the context she intended to make an objection based upon the arguments of the motion in limine. It is even less apparent in light of her explicit statement that her basis for objection was hearsay. Hearsay is thus the only objection potentially reviewable by this court.
¶ 12. At first blush, Reed appears to be renewing her hearsay objection to the testimony but upon closer review, she is not. Significant discussion is given to the prejudicial effect Reed may have suffered because the jury could have inferred from the testimony of these two witnesses that she had a deliberate design to kill Hart. She quotes case law to the effect that substantial evidence of a material fact erroneously admitted in violation of the hearsay rule denies a defendant a fair trial. Hall v. State, 539 So.2d 1338, 1348 (Miss.1989).
¶ 13. While Reed correctly discusses the remedy for erroneously admitted hearsay evidence, she skips an important first stepdemonstrating the evidence was, in fact, admitted erroneously. Not all hearsay is inadmissible. Numerous exceptions to the hearsay rule may apply. M.R.E. 803 and 804. The mere admission of hearsay is not reversible error when it falls within one of these exceptions, as the State argued at trial and the court agreed were applicable.
¶ 14. However, beyond noting the court found an exception applicable, Reed offers no argument in law or fact that the exception was erroneously granted. Reed concentrates *986 solely upon the prejudice she suffered from damning evidence without once mentioning in what manner the trial court abused its discretion in admitting the testimony. Reed would have us merely assume error from the fact that hearsay evidence harmful to her defense was admitted. This we cannot do.
¶ 15. Reed also argues that a sua sponte jury instruction limiting the use of this testimony should have been given. Failure to give a sua sponte limiting instruction on prior bad acts offered under Mississippi Rule of Evidence 404(b) may be reversible error. Bounds v. State, 688 So.2d 1362, 1372 (Miss.1997). However, the evidence was not offered for that reason, but rather to show Hart's state of mind under Mississippi Rule of Evidence 803 and that limiting instruction rule is therefore not applicable. Reed did not ask for any limiting instruction and provides us with no authority that a sua sponte instruction should have been given under the circumstances. We therefore decline to review this assertion further. Simmons v. State, 805 So.2d 452, 487 (¶ 90) (Miss.2001).
¶ 16. Finally, we address the objections to the testimony of LeAnna Collins. In her brief, Reed states "the same law and arguments apply to this testimony as the law and argument made in Darryl Wilson's and Robert McGowan's testimony and is incorporated by reference herein." As noted above, the only actual argument made to the testimony of Wilson and McGowan is that a prior bad act should have been excluded. Collins did not testify to any prior bad acts nor did Reed object to Collins's testimony on that ground. Again, no ruling is properly before us for review.
2. Weight and sufficiency of the evidence
¶ 17. In this second assignment of error, Reed argues the evidence was both insufficient and lacking in credibility to sustain the conviction of murder. She infers the State failed to establish the element of deliberate design to effect the death of the victim; that her own testimony disputes the evidence of intent; and the testimony of an objective witness, Troy Harris, also negated any intent on her part to kill Hart. Rather, it was an accident.
¶ 18. When reviewing a claim of insufficient evidence on appeal, we look to the evidence most supportive of the State's case. Harrell v. State, 583 So.2d 963, 964 (Miss.1991). "All evidence supporting, or tending to support the verdict, as well as all reasonable inferences that may be drawn from the evidence, must be accepted as true." Id. Where there is competent evidence to sustain a verdict, it will not be disturbed on appeal. Gandy v. State, 373 So.2d 1042, 1045 (Miss.1979).
¶ 19. In this case, we have a witness, Lopez, who testified Reed stated her intention to kill Hart, and a witness to the shooting, McGowan, who saw Reed walk up to Hart without any apparent fear and armed with a weapon before Hart said or did anything that might have indicated Hart intended to harm her. Having announced her intention to kill Hart before committing the act, it was more than reasonable for the jury to find Reed carried out an intentional killing even if the actual time and place of the murder may have been coincidental. The evidence is sufficient to support the guilty verdict of murder.
¶ 20. As to the weight of the evidence, we will order a new trial only when the overwhelming weight of evidence is so contrary to a finding of guilt that the conviction was an "unconscionable injustice." Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). It is the jury's duty to *987 weigh conflicting testimony and witness credibility. Gandy, 373 So.2d at 1045. Juries are empaneled to resolve questions of fact. We will not substitute our factual findings for that of the jury in a contest of credibility.
¶ 21. The jury was presented with Reed's version of events along with the State's witnesses. How much of Reed's testimony was credible was a question for the jury. The evidence being what it is, we do not agree the conviction represents an unconscionable injustice.
¶ 22. THE JUDGMENT OF THE COPIAH COUNTY CIRCUIT COURT OF CONVICTION OF MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.