McMILLIN, C.J.,
for the Court:
¶ 1. Anthony Knight is seeking to have his plea of guilty to a charge of sale of cocaine set aside in a post-conviction relief proceeding. Knight claims that his counsel was ineffective for failing to insist that Knight be permitted to view a videotape alleged to show Knight selling cocaine to an undercover agent. Knight also claims that he was coerced into pleading guilty by threats from an angry police officer. The trial court denied relief on the petition without a hearing and Knight has appealed that decision to this Court. We find Knight’s claims to be without merit and affirm the decision of the trial court.
¶ 2. Both of Knight’s issues arise out of pre-trial dealings relating to the videotape. Knight alleges that a time was scheduled for him and his attorney to view the videotape but that his attorney did not appear at the appointed time. Knight, who was in custody, had been transported to the scene of the proposed viewing by a law enforcement officer. Knight asserts that, when his attorney did not show up, the officer became angry and threatened to see that Knight received the maximum sentence if he did not go ahead and plead guilty.
¶ 3. Interestingly, Knight does not make a claim that he was not on the videotape. Rather, his contention appears to be that he was entitled to view the tape to make his own independent evaluation as to how incriminating the tape might be. In order to prevail on a claim of ineffective assistance of counsel, Knight must show (a) that his attorney’s performance fell below the standard of competence reasonably to be expected, and (b) that, but for this substandard performance, there was a reasonable probability of a more favorable outcome for the defendant. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
¶ 4. It is clear from the record that there were eyewitnesses to various aspects of the drug transaction who would, presumably, be prepared to implicate Knight in the sale. With that kind of evidence before the jury, the fact that the videotape may not have permitted a clear identification of Knight would not suggest that a different outcome of the case was likely if its contents were thoroughly explored. Only if the tape would provide positive information indicating that the seller was someone other than Knight to the extent that it would be useful in impeaching the *264 State’s eyewitnesses would the videotape seem to become pivotal evidence for the defense. Without an allegation or evidence tending to show that the videotape would have exonerated Knight in this manner, we are unconvinced that defense counsel’s failure to insist that his client be permitted to view the tape caused counsel’s performance to fall below acceptable constitutional standards of competence. In that light, it is important to keep in mind that there is no allegation that defense counsel himself did not examine the videotape and evaluate its evidentiary value in advance of advising Knight regarding the entry of a guilty plea. There is a legitimate distinction to be drawn between an attorney’s duty to investigate and evaluate the evidence against his client and the right of the defendant himself to insist that he participate in all aspects of the process. Even if defense counsel’s performance were considered substandard for sake of argument, Knight’s claim would still fail the second prong of the Strickland test because there is nothing before this Court to even faintly support the proposition that, had Knight been permitted to view the videotape, a more favorable outcome of the case from his standpoint' would have been reasonably likely.
¶ 5. As to Knight’s claim that his guilty plea was induced by an officer’s threat of harsh punishment based on his attorney’s failure to appear for the scheduled videotape viewing, we observe that at his plea acceptance hearing, Knight affirmatively represented to the court that he had not been promised a reward or threatened in order to compel him to plead guilty. Rather, Knight asserted on the record that he was pleading guilty solely because he had, in fact, committed the acts charged. When the trial court can determine that a factual assertion by the mov-ant in a post-conviction relief proceeding is belied by unimpeachable evidence in the transcript of the case that led to conviction, no hearing is required and the trial court may summarily dismiss the motion. Harris v. State, 578 So.2d 617, 620 (Miss.1991).
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO COPI-AH COUNTY.
KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, and CHANDLER, JJ., concur.
BRANTLEY, J., not participating.