896 So.2d 374 (2005)
Curtis L. JENNINGS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-CP-02047-COA.
Court of Appeals of Mississippi.
November 9, 2004.
Rehearing Denied January 11, 2005.
Certiorari Denied March 17, 2005.
*375 Curtis Jennings, appellant, pro se.
Office of the Attorney General, by Jeffrey A. Klingfuss, attorney for appellee.
Before LEE, P.J., IRVING, GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Curtis Jennings pled guilty to the offense of the sale of a controlled substance and was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections.
¶ 2. Jennings filed a motion for post-conviction relief, which was denied by the trial court. On appeal, Jennings asserts the following errors: (1) the trial court failed to inform Jennings of his right against self-incrimination, (2) the trial court failed to advise Jennings of the elements of the offense, (3) Jennings was denied effective assistance of counsel, (4) the trial court failed to correctly advise Jennings of his right to appeal, (5) the trial court erred in refusing an evidentiary hearing on the merits of the post-conviction relief petition, and finally (6) that there was cumulative error.

STANDARD OF REVIEW
¶ 3. In reviewing a trial court's decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. *376 State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002).

ANALYSIS

I. Involuntary Guilty Plea
¶ 4. Jennings claims that his plea was involuntary. In support of his allegation, Jennings argues that the trial court did not advise him of his right against self-incrimination, nor did the court fully advise him of the consequences of his pleading guilty to the crime charged. The record disputes Jennings' claims.
¶ 5. It is clear from the record that Jennings understood the nature of his plea of guilty as well as the sentence required by law. Jennings testified that he had reviewed the plea detailing his constitutional rights with his attorney. Jennings also testified that he understood that he was giving up his protection against self-incrimination, his right to a jury trial, his right to testify, and finally his right to appeal the guilty plea. After making these statements to the trial court, Jennings stated that he did not have any questions about the plea nor had he been promised anything or coerced into pleading guilty. Statements such as these made in open court at sentencing are viewed as highly credible. Gable v. State, 748 So.2d 703, 706(¶ 11) (Miss.1999). The transcript of the guilty plea hearing disproves Jennings' claim that his guilty plea was involuntarily and unintelligently entered. Therefore, we find no merit to this issue.

II. Denial of Due Process
¶ 6. Jennings argues next that he was denied due process of law because the indictment was not read to him before he pled guilty. The argument continues that by this failure, he was not advised of the elements of the offense.
¶ 7. Again, the transcript of Jennings' plea hearing refutes this argument. Jennings testified that his attorney had advised him of the elements of the offense. The trial court questioned Jennings about the facts set out in the indictment, and he affirmed the truth and veracity of those statements, admitting his guilt to each element of the offense. The record indicates that the trial court went so far as to question Jennings' attorney to validate the fact that the elements of the offense had been fully explained to Jennings.
¶ 8. Furthermore, in its order dismissing the motion, the trial court properly evaluated this argument and found it to be groundless. "When reviewing a lower court's decision to deny a petition for post-conviction relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous." Graves v. State, 822 So.2d 1089, 1090(¶ 4) (Miss.App.2002); quoting Pickett v. State, 751 So.2d 1031(¶ 8) (Miss.1999); Brown v. State, 731 So.2d 595(¶ 6) (Miss.1999). Accordingly, we find no merit to this issue.

III. Ineffective Assistance of Counsel.
¶ 9. Jennings argues that he was denied effective assistance of counsel preventing a fair trial. Here again, Jennings maintains that his attorney did not inform him of the specific elements of the charged offense. Jennings further argues that his attorney did not ensure that the trial court advise him of his rights regarding the possibility of an appeal. The final effort by Jennings to establish the ineffective nature of his counsel is his blanket statement that his counsel "stood still and did nothing" while Jennings was sentenced.
¶ 10. To establish ineffective assistance of counsel, Jennings must demonstrate that his attorney's performance was deficient and that this deficiency prejudiced the defense of the case. Strickland *377 v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Moore v. State, 676 So.2d 244, 246 (Miss.1996). A presumption exists that the attorney's conduct was adequate. Burns v. State, 813 So.2d 668, 673 (¶ 14) (Miss.2001). When evaluating the effectiveness of counsel at trial, the alleged deficiency and any prejudicial effect are measured by looking at the totality of circumstances. Hiter v. State, 660 So.2d 961, 965 (Miss.1995).
¶ 11. Jennings signed a guilty plea petition. This petition clearly informed Jennings that by pleading guilty he waived his right to an appeal and other specified rights. Jennings' allegation that he was unaware of this consequence is clearly unsupported.
¶ 12. Jennings further asserts that his counsel was ineffective on the grounds that he was not informed of the elements of the crime. Jennings testified himself that the elements of the charge against him were fully explained. In addition, the guilty plea petition also required Jennings to indicate whether or not he was dissatisfied with his counsel's representation. Jennings made no such objection at his plea hearing when given the opportunity.
¶ 13. Finally, we take notice that Jennings had previously pled guilty to felony and misdemeanor offenses. Therefore, there is more than reasonable evidence to prove that Jennings fully understood the plea procedure. Accordingly, we find Jennings to have received effective assistance of counsel and therefore, this argument is without merit.

IV. Right to Appeal
¶ 14. Jennings next asserts that the trial court erred in advising Jennings that he had no right to appeal. Jennings continues in his argument with the assertion that the trial court misstated the law and that he does in fact have a right to appeal. It is Jennings who has misinterpreted the law.
¶ 15. Again, Jennings claims that he was unaware of the consequential bar should he plead guilty. The record speaks for itself. The trial court specifically stated at the plea hearing that "if a jury tried this case and a jury found you guilty, you could appeal to the Mississippi Supreme Court, but you can't appeal when you plead guilty." Jennings testified that he understood.
Mississippi Code Annotated section 99-35-101 (Rev.2003) provides in part:
Any person convicted of an offense in a circuit court may appeal to the supreme court, provided, however, an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty.
¶ 16. Jennings relies on the case of Trotter v. State, 554 So.2d 313 (Miss.1989). However, Trotter provides that while the conviction itself cannot be appealed, an illegal sentence handed down pursuant to the plea is appealable. Id. at 315; citing Burns v. State, 344 So.2d 1189 (Miss.1977). "Therefore, it becomes a question of whether the petitioner claims his plea was involuntary or whether he claims his sentence was illegal." Gunter v. State, 841 So.2d 195, 201 (¶ 20)(Miss.App.2003). It is only the argument that the sentence was illegal that is directly appealable. Id.
¶ 17. Likewise, as in Gunter, it is apparent that Jennings is contesting his conviction rather than the sentence imposed. Jennings fails to assert even one allegation that his sentence was illegal. Since he is challenging his conviction, the trial court was correct, and Jennings only possible relief was a motion for post-conviction relief. Jennings presented his motion for post-conviction relief and was denied by *378 the trial court. Therefore, we again find no merit to this issue.

V. Evidentiary Hearing
¶ 18. Jennings maintains that he was denied an opportunity to present evidence supporting his claims of errors by the trial court. He maintains that, under the provisions of the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated Sections 99-39-1 to 29 (Rev.2000), he was entitled to an evidentiary hearing.
¶ 19. The right to an evidentiary hearing is not guaranteed. Mississippi Code Annotated Section 99-39-19(1) (Rev.2000) provides that the trial judge has discretion in allowing an evidentiary hearing:
If the motion is not dismissed at a previous stage of the proceeding, the judge, after the answer is filed and discovery, if any, is completed, shall, upon a review of the record, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice shall require.
The trial court is simply not required to grant an evidentiary hearing on every petition it entertains. Rowland v. Britt, 867 So.2d 260, 262(¶ 8) (Miss.App.2003); citing McMillian v. State, 774 So.2d 454(¶ 6) (Miss.Ct.App.2000).
¶ 20. Trial courts are authorized to dismiss post-conviction relief motions if there are no disputed or disputable facts. Jennings' petition for post-conviction relief failed to include any affidavits, other than his, or evidence to support his claims. This Court has consistently held that mere allegations in the pleadings, otherwise undisputed, are not sufficient to require an evidentiary hearing. McCuiston v. State, 758 So.2d 1082, 1085(¶ 9)(Miss.App.2000); citing Cole v. State, 666 So.2d 767, 777 (Miss.1995).
¶ 21. Jennings was not entitled to an evidentiary hearing. No evidence accompanied Jennings' motion to contradict the trial court's findings when the guilty plea was entered. The trial court adequately and thoroughly questioned Jennings at the plea hearing concerning his understanding of the proceedings and the effect of his pleading guilty. Thomas v. State, 861 So.2d 371, 375(¶ 14)(Miss.App.2003).
¶ 22. Given the lack of contradictory evidence presented, we find that Jennings was fully aware of the consequences of the waiver of his constitutional rights as well as his waiver of appeal; he knew the elements of the offense to which he was pleading guilty; and finally, his counsel provided effective representation. Therefore, we find this argument to be without merit.

VI. Cumulative Error
¶ 23. Since each of the foregoing assignments of error have been found to be without merit, we find there was no cumulative error. Byrom v. State, 863 So.2d 836, 847(¶ 10) (Miss.2003).
¶ 24. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.