CHANDLER, J.,
 

 for the Court.
 

 ¶ 1. On December 14, 2004, Jermaine McKinney was arrested in Clay County for aggravated assault and burglary of a dwelling. Thereafter, a grand jury returned an indictment charging McKinney with aggravated assault, burglary of a dwelling, and attempted burglary of a dwelling. McKinney pleaded guilty to attempted burglary of a dwelling, and the Circuit Court of Clay County sentenced him to eight years in prison with five years of post-release supervision.
 

 ¶2. McKinney filed a motion for post-conviction relief (PCR), claiming ineffective assistance of counsel. The circuit court dismissed McKinney’s motion without an evidentiary hearing. Aggrieved, McKinney appeals. He argues that: (1) he received ineffective assistance of counsel, (2) his sentence was illegal, (3) the circuit court misinformed him about his right to appeal from his sentence, and (4) the circuit court erred in dismissing his motion for post-conviction relief without an evidentiary hearing.
 

 ¶ 3. Finding no error, we affirm.
 

 STANDARD OF REVIEW
 

 ¶ 4. The circuit court may dismiss a PCR motion summarily and without an evidentiary hearing “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2) (Rev.2007). On appeal, this Court will affirm the summary dismissal of a PCR motion if the petitioner has failed to demonstrate “a claim procedurally alive ‘substantially showing denial of a state or federal right,...'"
 
 Young v. State,
 
 731 So.2d 1120, 1122(¶ 9) (Miss.1999) (quoting
 
 Myers v. State,
 
 583 So.2d 174, 176 (Miss.1991)).
 

 ANALYSIS OF THE ISSUES
 

 I. Whether McKinney received ineffective assistance of counsel.
 

 ¶ 5. McKinney begins by arguing that he received ineffective assistance from the attorney who represented him in circuit court. McKinney takes issue with his counsel’s failure to object to an allegedly defective multi-count indictment. He alleges that the indictment was defective because (1) it did not specify the jurisdiction in which the crimes occurred; (2) it was based on false information; and (3) the allegations of the charged crimes were
 
 *293
 
 contradictory. McKinney further alleges that his counsel never informed him of the third count in the indictment until shortly before he entered a guilty plea to that count and that his counsel “mentally coerced” him into pleading guilty.
 

 ¶ 6. The standard to be applied to an ineffective assistance of counsel claim was set forth by the United States Supreme Court in
 
 Strickland, v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under
 
 Strickland,
 
 which this Court must follow, the defendant bears the burden of proof that: (1) counsel’s performance was deficient, and (2) the deficient performance prejudiced the defense.
 
 McQuarter v. State,
 
 574 So.2d 685, 687 (Miss.1990). We evaluate the totality of the circumstances in determining whether counsel was effective.
 
 Id.
 
 There is a strong but rebuttable presumption that counsel’s performance fell within the wide range of reasonable professional assistance.
 
 Id.
 

 ¶ 7. McKinney claims throughout his appellate brief that the record is replete with facts supporting his allegations. However, after careful review, we find nothing in the record to support any of his allegations of ineffective assistance of counsel. Contrary to McKinney’s assertions, the indictment specifies the jurisdiction as Clay County. Therefore, there is no merit to his claim that the jurisdiction was not included in the indictment. Regarding McKinney’s allegation that the charges were contradictory, Count III of the indictment was an attempt charge, which was a lessex’-includ-ed charge to Count I, burglary of a dwelling. There was no error in including the attempt charge because under Mississippi Code Annotated section 99-19-5(1) (Rev. 2007), a jury may convict a defendant of the crime charged in the indictment or of an attempt to commit the same offense.
 

 ¶8. McKinney’s remaining claims are supported only by the self-serving arguments in his brief that he was “mentally coerced” into pleading guilty and that there was falsified information. These arguments are wholly unsupported by the record. Ultimately, McKinney’s argument that he was prejudiced by his counsel’s deficient performance has no support in the record. This issue is without merit.
 

 II. Whether the sentence imposed upon McKinney was illegal.
 

 ¶ 9. McKinney next argues that his sentence was illegal because the circuit court sentenced him to five years of post-release supervision, but the court did not order any portion of his eight-year sentence to be suspended. McKinney contends that he could not receive post-release supervision without also receiving a suspended sentence.
 

 ¶ 10. Mississippi Code Annotated section 47-7-34(1) (Rev.2004) provides as follows:
 

 When a court imposes a sentence upon a conviction for any felony committed after June 30, 1995, the court, in addition to any other punishment imposed if the other punishment includes a term of incarceration in a state or local correctional facility, may impose a term of post-release supervision. However, the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed. The defendant shall be placed under post-release supervision upon release from the term of incarceration. The period of supervision shall be established by the court.
 

 Therefore, as long as the total number of years of McKinney’s incarceration plus the total number of his years on post-release supervision do not exceed the maximum
 
 *294
 
 sentence authorized for attempted burglary of a dwelling, his sentence is not illegal. McKinney attempts to argue that his sentence was illegal because he received post-release supervision, but not a suspended sentence. However, there is no language in section 47-7-34 that requires a circuit court to order a suspended sentence in addition to post-release supervision. We find that this argument is without merit.
 

 ¶ 11. The circuit court sentenced McKinney to serve eight years in the custody of the Mississippi Department of Corrections, with five years of post-release supervision. As provided by Mississippi Code Annotated sections 97-1-7 (Rev.2006) and 97-17-23 (Rev.2006), which define attempt and burglary of a dwelling, the maximum sentence that McKinney could have received was twenty-five years. McKinney's sentence of eight years of incarceration and five years of post-release supervision was, therefore, within the statutory limits.
 

 III. Whether the circuit court misinformed McKinney concerning his right to appeal.
 

 ¶
 
 12. Next, McKinney argues that the circuit court incorrectly informed him that upon pleading guilty, he could not appeal to the supreme court. He argues that the circuit court should have informed him that while he could not appeal his conviction, he could challenge an illegal sentence with a direct appeal.
 

 ¶ 13. “[A] defendant may pursue a direct appeal asserting the illegality of the sentence imposed pursuant to his guilty plea.”
 
 Flowers v. State,
 
 978 So.2d 1281, 1285(¶ 11) (Miss.Ct.App.2008) (citing
 
 Jennings v. State,
 
 896 So.2d 374, 377(¶ 16) (Miss.Ct.App.2004)). However, Mississippi Code Annotated section 99-35-101 (Rev. 2007) provides that “[a]ny person convicted of an offense in a circuit court may appeal to the supreme court, provided, however, an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty.”
 
 [1]
 
 A motion for post-conviction relief is the proper avenue for obtaining relief from a conviction.
 
 Gladney v. State,
 
 963 So.2d 1217, 1222(¶14) (Miss.Ct.App.2007). It is, therefore, proper to inform a defendant that by pleading guilty and forgoing a jury trial, he waives his right to appeal his conviction.
 
 Jennings,
 
 896 So.2d at 377(¶ 15);
 
 see also Gladney,
 
 963 So.2d at 1222(¶ 13).
 

 ¶ 14. The circuit court did inform McKinney that his guilty plea waived his right to appeal. There is nothing in the record indicating that the circuit court misinformed McKinney by telling him that he could not appeal an illegal sentence. Additionally, as previously discussed, McKinney’s sentence was not illegal because the sentence was within the statutorily prescribed limits for a conviction of attempted burglary of a dwelling. This issue is without merit.
 

 IV. Whether the circuit court erred in dismissing McKinney’s motion for post-conviction relief without an evidentiary hearing.
 

 ¶ 15. Lastly, McKinney claims that the circuit court erred when it dismissed his
 
 *295
 
 motion for post-conviction relief without conducting an evidentiary hearing. Mississippi Code Annotated section 99-39-11(2) provides that “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.” Mississippi Code Annotated section 99-39-19(1) (Rev.2007) further provides that it is for the circuit court to determine whether an evidentiary hearing is required. As we have found, the circuit court correctly determined that McKinney’s PCR motion did not make a substantial showing of the denial of a state or a federal right and was plainly without merit. Therefore, the circuit court appropriately dismissed the PCR motion without an evidentiary hearing. Miss.Code Ann. § 99-39-11(2). This issue is without merit.
 

 ¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF CLAY COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. BARNES, J., CONCURS IN RESULT ONLY.
 

 [1]
 

 . Effective July 1, 2008, section 99-35-101 was amended to state that: "[a]ny person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.” Miss.Code Ann. § 99-36-101 (Supp.2008). We note that the amendment may foreclose a defendant who has pleaded guilty from attacking the legality of his sentence on direct appeal. Because McKinney perfected his appeal prior to July 1, 2008, the amendment is not applicable to McKinney’s appeal.