583 So.2d 963 (1991)
Marilyn Tate HARRELL
v.
STATE of Mississippi.
No. 89-KA-1259.
Supreme Court of Mississippi.
July 31, 1991.
John E. Jackson, McComb, for appellant.
Mike C. Moore, Atty. Gen., John R. Henry, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and SULLIVAN and BANKS, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Marilyn Tate Harrell was convicted in the Amite County Circuit Court of the crime of accessory after the fact of robbery. She was sentenced to four (4) years in the custody of the Mississippi Department of Corrections with one (1) year to serve and three (3) years of supervised probation, and ordered to pay a fine in the amount of one thousand dollars ($1,000.00), together with costs of court. She has appealed to this Court and presents the following issues for discussion:
I. WHETHER THE STATE FAILED TO ESTABLISH FACTS SUFFICIENT TO PROVE ITS CASE?
II. WHETHER THE APPELLANT'S MOTION FOR A DIRECTED VERDICT SHOULD HAVE BEEN GRANTED OR SUSTAINED?
III. WHETHER THE APPELLANT'S MOTION FOR A NEW TRIAL SHOULD HAVE BEEN GRANTED?

FACTS
On the morning of February 27, 1989, Marilyn Tate Harrell and her husband, Charles, left Baton Rouge, Louisiana for *964 Liberty, Mississippi[1]. Harrell and Charles traveled in separate automobiles. Harrell drove a blue Oldsmobile while her husband drove a yellow Ford. Raymond James Alexander accompanied Harrell's husband in the yellow Ford on the trip to Liberty.
Harrell, Charles and Alexander stopped behind an abandoned house a few miles outside Liberty. Harrell then exited the blue Oldsmobile and got into the yellow Ford. Charles and Alexander got out of the Ford and into the Oldsmobile which Harrell had driven to the abandoned house. At some point during the time that both the Ford and Oldsmobile were located behind the abandoned house, the license plate was removed from the Oldsmobile and left in the driveway behind the house. Alexander and Charles then left the premises in the Oldsmobile leaving Harrell alone and waiting behind the abandoned house.
While Harrell waited behind the abandoned house, in the yellow Ford automobile, Charles and Alexander went into Liberty and robbed the Trustmark Bank, at gun point, at approximately 10:35 a.m. The police were notified of the bank robbery and pursued Charles and Alexander as they fled Liberty in the blue Oldsmobile. While the police pursued the Oldsmobile the robbers fired upon the police.
Charles and Alexander abandoned the Oldsmobile a short distance from the house behind which Harrell awaited their return. They then ran to the yellow Ford, containing Harrell, got in the automobile and raced off at a high rate of speed.
The police pursued the yellow Ford automobile, exhibiting their lights and sounding their sirens, for several miles at a speed of approximately one hundred (100) miles per hour. During the pursuit, the driver[2] of the Ford automobile lost control and the car slid off the road and crashed.
Immediately subsequent to the crash, Harrell, Charles and Alexander fled the crash scene on foot. The police arrived just moments after the crash, identified themselves as officers, ordered the three to stop running and when the three failed to stop, the police fired one warning shot. As a result of the shot, Charles and Alexander stopped fleeing and lay down upon the ground. Harrell, however, continued to run away from the police. She was apprehended by the authorities approximately one hundred (100) yards from where Charles and Alexander surrendered.
The police searched the yellow Ford automobile and discovered three hand guns. The testimony at trial revealed that only two handguns were exhibited in the bank, during the robbery, which indicated Harrell retained the third gun in her possession. Further testimony was received that, upon her apprehension, Harrell ordered Charles and Alexander to comply with the commands of the police.

DISCUSSION

I. and II.
When reviewing the sufficiency of evidence to support a verdict, this Court must consider the evidence in the light most favorable to the State. All evidence supporting or tending to support the verdict, as well as all reasonable inferences that may be drawn from the evidence, must be accepted as true. Lambert v. State, 462 So.2d 308 (Miss. 1984); Brady v. State, 425 So.2d 1347 (Miss. 1983); Carroll v. State, 196 So.2d 878, 883 (Miss. 1967).
The facts as set forth hereinabove show that Harrell was a participant in the robbery of the Trustmark Bank in Liberty; that she was a part of the robbery plans in the beginning; that she kept and provided the get-away automobile after the bank was robbed, but before the active robbers had completed their flight; and that she gave the orders to her confederates after all were apprehended. This Court has stated many times that:
We invite the attention of the bar to the fact that we do not reverse criminal cases where there is a straight issue of *965 fact, or a conflict in the facts; juries are impaneled for the very purpose of passing upon such questions of disputed fact, and we do not intend to invade the province and prerogative of the jury.
Evans v. State, 159 Miss. 561, 566, 132 So. 563, 564 (1931).
As to the contention of Harrell that her motion for directed verdict should have been sustained, after the court declined to grant the motion at the conclusion of the State's case, the appellant proceeded to introduce evidence and failed to renew the motion at the completion of the evidence. Therefore, the motion was waived[3], regardless of the fact that the above discussion of the facts answers the contention.
The issues are without merit and are rejected.

III.
Subsequent to her conviction, Harrell moved the lower court to grant her a new trial on the ground that the jury verdict was against the overwhelming weight of the evidence. The authorities cited above and the discussion on the issue and contention that the State failed to prove its case against Harrell apply to this issue. The facts of the case constitute a guilt issue for the jury to decide and the verdict of the jury finding Harrell guilty is not against the overwhelming weight of the evidence, but on the contrary, it is amply supported by the evidence.
There being no reversible error in the trial below, the judgment is affirmed.
CONVICTION OF ACCESSORY AFTER THE FACT OF ROBBERY AND SENTENCE OF FOUR YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, TO PAY A FINE OF $1,000.00 PLUS ALL COST OF COURT INCLUDING JUROR FEES, AND AFTER SERVING ONE (1) YEAR, THREE (3) YEARS WILL BE SUSPENDED AND PLACED ON THREE (3) YEARS SUPERVISED PROBATION AFFIRMED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
NOTES
[1] Both Harrell and her husband have relatives who live in Liberty, Mississippi.
[2] The police were unable to determine who was the driver of the fleeing Ford automobile which contained Harrell, Charles and Alexander.
[3] This dereliction, or lack of knowledge on the part of attorneys, is much too common and too frequently committed.