BRIDGES, J.,
for the Court:
¶ 1. During the October term of 1998, Percy Robinson was indicted by the Amite County grand jury for burglary of a dwelling. Following pre-trial motions, a jury trial was held on February 26, 1999. At the conclusion of one day trial, the jury returned a guilty verdict on the charge of burglary of a dwelling. The Honorable Forrest A. Johnson, Jr., sentenced Robinson to a term of twenty-five years in the custody of the Mississippi Department of Corrections with the last ten years to be served on post-release supervision.
*1052 ¶2. From this adverse finding in the lower court, Robinson perfects his appeal to this Court raising the following as error:
I. WHETHER THE TRIAL COURT INCORRECTLY DENIED ROBINSON’S MOTION FOR A DIRECTED VERDICT AT THE CLOSE OF THE STATE’S CASE-IN-CHIEF
Finding the trial court entirely correct, we affirm.
FACTS
¶ 3. On August 11, 1998, Bythella Loyell was at home, alone, resting in her bedroom. She fell asleep while waiting for the ten o’clock evening news and awoke to find Percy Robinson tumbling through her bedroom window around 10:45 p.m. Robinson removed the screen from the outer window, pushed the unlocked window up and crawled through, knocking over Loyell’s bedside table. Loyell immediately recognized Robinson as he had grown up near Loyell and Robinson made a habit of speaking to her when they crossed paths. Loyell asked Robinson why he came in through the window, and Robinson responded that he wanted to borrow ten dollars. Loyell told Robinson that she did not have any cash. Robinson then asked her for five dollars, and she again denied having any cash at her disposal.
¶ 4. Robinson left the bedroom and went to the kitchen where he took a seat at the table. He told Loyell that he did not do what he had intended to do when he came in through the window. At that point, Loyell demanded that Robinson leave her house.. On his way out through the, front door, Robinson pleaded with Loyell not to call the police. She assured him that she would not inform the authorities and again demanded that he leave. As soon as Robinson left, Loyell locked her house and retired for the evening.
■¶5. Approximately, three hours later, Loyell heard someone banging on her front door demanding that it be .opened. Recognizing the voice as Robinson’s, Lo-yell telephoned her daughter, Joyce Hughes, and informed her that Robinson was trying to break into her house. Hughes immediately called 911 and then drove the short distance to her mother’s house. She arrived moments later only to see Robinson, illuminated by her car’s headlights, replacing the bedroom screen he removed hours earlier. Robinson then fled the scene. Deputy Joe Hamilton arrived soon thereafter and spoke with Lo-yell and Hughes. Each positively identified Robinson as the perpetrator.
¶ 6. The next day, Deputy Donald Butler interviewed Robinson and after having secured a voluntary waiver of his Miranda rights, took a statement from him. In his statement, Robinson admitted to being under the influence of crack cocaine on the night in question. He stated that he went to “Ms. Bythella’s”, as he called her, took the screen off of her window and entered her house through her window. He confirmed that he asked her for money and she turned down his request. Robinson also admitted that he intended to crawl around her house and steal money from her purse once he found it.
LEGAL ANALYSIS
I. WHETHER THE TRIAL COURT INCORRECTLY DENIED ROBINSON’S MOTION FOR A DIRECTED VERDICT AT THE CLOSE OF THE STATE’S CASE-IN-CHIEF
¶ 7. In the only assignment of error presented on appeal, Robinson urges this Court to réverse the findings of the lower court because, he argues, the evidence presented at trial was insufficient to sustain the State’s charge against him. It would be hard for this Court to imagine what else the-State could have done to offer more convincing proof of Robinson’s guilt.
¶8. When the sufficiency of the evidence supporting a verdict is challenged, this Court must consider the evidence in the light most favorable to the State and accept as true all evidence sup *1053 porting or tending to support the verdict, as well as all reasonable inferences that may be drawn from the evidence. Harrell v. State, 583 So.2d 963, 964 (Miss.1991). Matters regarding the weight and credibility of the evidence are to be resolved by a jury and reversal is warranted only where, with respect to one or more of the elements of the offense charged, the evidence is such that reasonable and fair-minded jurors could only find the defendant not guilty. Wetz v. State, 503 So.2d 803, 808 (Miss.1987). Once the jury has returned a verdict of guilty in a criminal case, appellate courts are not at liberty to discharge the defendant short of a conclusion that given the evidence, taken in the light most favorable to the verdict, no reasonable, hypothetical juror could find the defendant guilty beyond a reasonable doubt. Higgins v. State, 725 So.2d 220 (¶ 30) (Miss.1998) (quoting May v. State, 460 So.2d 778, 781 (Miss.1984)).
¶ 9. The State’s evidence presented at trial and all of the reasonable inferences that flow therefrom offer overwhelming support for the lower court’s decision to overrule Robinson’s motion for a directed verdict. Robinson was charged under Miss.Code Ann. § 97-17-23 (Rev.1994) which states that anyone convicted of breaking and entering the dwelling house of another, whether armed with a deadly weapon or not, and whether there be some human being in the dwelling house or not, with the intent to commit a crime therein shall be punished by imprisonment in the penitentiary. Therefore, the State had to prove beyond a reasonable doubt that Robinson (1) did break and enter (2) the dwelling house of Bythella Loyell (3) with the intent to commit some crime therein. We feel that the State met its burden with ease.
¶ 10. It was uncontradicted at trial that on the evening in question, Robinson did break and enter Loyell’s house without permission by removing a screen and climbing through a window. Loyell testified to that fact and Robinson admitted it in his statement. While in the house, Lo-yell testified that Robinson said he had not done what he intended to do when he came in the window. Later, Robinson, .in his statement to Deputy Butler, acknowledged what he meant by that cryptic remark stating that he intended to crawl around until he found her purse and steal money from her once he found it. Robinson concedes all of the elements of the crime he is charged with in his statement to the police. Those admissions are fortified by testimony elicited from eyewitnesses such as the victim and her daughter. Finding Robinson’s appeal wholly lacking in merit, the conviction and sentence of the lower court is hereby, Affirmed.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF AMITE COUNTY OF CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE OF TWENTY FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIFTEEN YEARS TO SERVE AND TEN YEARS OF SAID SENTENCE TO BE SERVED ON POST-RELEASE SUPERVISION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO AMITE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.