963 So.2d 1217 (2007)
Lamar GLADNEY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CA-00631-COA.
Court of Appeals of Mississippi.
May 8, 2007.
Rehearing Denied August 28, 2007.
*1218 Sylvia S. Owen, New Albany, attorney for Appellant.
Office of the Attorney General by Jacob Ray, attorney for appellee.
Before LEE, P.J., BARNES and CARLTON, JJ.
CARLTON, J., for the Court.
¶ 1. Lamar Gladney was convicted by entering a plea of guilty in the Choctaw County Circuit Court for the crime of armed robbery. On appeal, he argues that his plea was invalid, denial of due process, ineffective assistance of counsel, excessive sentence, and cumulative error. Finding no error, we affirm the denial of Gladney's motion for post-conviction relief.

FACTS
¶ 2. On January 21, 2003, Gladney was indicted by a Choctaw County grand jury *1219 for the crime of armed robbery. Miss. Code Ann. § 97-3-79 (Rev.2006). The indictment resulted from Gladney's participation in a bank robbery in Ackerman, Mississippi. Gladney entered a guilty plea one month after being indicted. Gladney was seventeen years of age at the time of his conviction. In exchange for his plea, the State recommended that Gladney be imprisoned for thirty years and pay court costs and assessments. Other pending charges were retired to the files in Choctaw County. Counsel for Gladney also secured an agreement with the district attorney for Oktibbeha County to retire an additional charge pending against Gladney. Gladney was sentenced according to the recommendation of the State. He timely filed his motion for post-conviction relief. His appeal has been assigned to this Court.

DISCUSSION
¶ 3. In reviewing a denial of a petition for post-conviction relief, the factual findings of the trial court will be reversed only if they are clearly erroneous. Hannah v. State, 943 So.2d 20, 24(¶ 5) (Miss. 2006) (citations omitted). Questions of law are reviewed de novo. Id.
1. Denial of Due Process
¶ 4. In Gladney's statement of issues, he lists six instances where he argues he was denied due process of law. Each is not expounded upon with a correlating argument but most are included in the other arguments. The six arguments made concerning a denial of due process include: that the indictment failed to set out the judicial district where the crime occurred, excessive sentence because Gladney was influenced by an older co-defendant, failure of the trial judge to consider mitigating factors, such as his age, when sentencing Gladney, that the trial court incorrectly advised Gladney that he could not appeal his sentence, that the trial court incorrectly informed Gladney that he would not be eligible for early release or parole, and that there was an insufficient factual basis for the plea. Here, we address only the validity of the indictment, as the other concerns are addressed in the discussion below.
Validity of Indictment
¶ 5. Gladney argues that the indictment failed to set out the judicial district where the charge originated or where the crime was alleged to have occurred.
¶ 6. Gladney was indicted by a Choctaw County Circuit Court grand jury. The indictment charged in part that Gladney committed armed robbery "in Choctaw County Mississippi and within the jurisdiction of this Court" by robbing "Merchants and Farmers Bank located on Highway 15 North in Ackerman, Mississippi. . . ." Gladney does not support his contention beyond the mere allegation of the stated issue. After carefully reviewing the indictment we can find no defect that would have deprived the Choctaw County Circuit Court of jurisdiction over Gladney's case. Though we have found no defects in the indictment, we note that a valid guilty plea waives all non-jurisdictional defects in an indictment. Roby v. State, 861 So.2d 368, 371(¶ 11) (Miss.Ct.App.2003) (citing Brooks v. State, 573 So.2d 1350, 1352 (Miss.1990)); Richardson v. State, 769 So.2d 230, 233(5) (Miss.Ct.App.2000) (the only deficiency that survives waiver by a guilty plea is not including the essential elements of the crime or lack of jurisdiction).
2. Validity of Plea
¶ 7. Gladney argues that his plea is invalid because he was coerced and misinformed *1220 that if he did not enter a guilty plea that a jury would convict him, resulting in life imprisonment. Gladney supports his argument with two affidavits, one from his aunt and the other from his mother. Gladney's mother and aunt attest that Gladney's attorney informed him that if he did not enter a guilty plea he would go to trial and receive a sentence of life in prison. The affiants state that Gladney was reluctant to enter a guilty plea but did so at the beckoning of his family. There is also a statement about Gladney being told that the trial judge was in a hurry so Gladney would need to decide quickly whether he wanted to enter his guilty plea. We also address Gladney's due process arguments that the trial court incorrectly advised him that he could not appeal to the supreme court, incorrectly informed him that he would not be eligible for early release or parole, and that there was an insufficient factual basis for the plea.
¶ 8. In order for a trial court to accept a plea of guilty it must determine that there is a factual basis for the plea and that the defendant is entering the plea voluntarily and intelligently. Bennett v. State, 933 So.2d 930, 940(¶ 24) (Miss.2006) (citing URCCC 3.03(2)). A guilty plea is valid where it is entered into "voluntarily, knowingly, and intelligently, `with sufficient awareness of the relevant circumstances and likely consequences.'" Bradshaw v. Stumpf, 545 U.S. 175, 183, 125 S.Ct. 2398, 162 L.Ed.2d 143 (2005) (quoting Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). By entering a guilty plea, Gladney confessed to the actions as charged in the indictment and stipulated that the prosecution did not need to advance evidence of guilt. Florida v. Nixon, 543 U.S. 175, 187-88, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004) (quoting Boykin v. Alabama, 395 U.S. 238, 242-43, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)).
¶ 9. Prior to accepting Gladney's plea, the trial court examined Gladney. Gladney communicated to the trial judge that he had read and signed his petition to enter a plea of guilty, and that the statements in the petition were true. Gladney did not include that petition in the record. The trial judge then properly informed Gladney of the constitutional rights that he would waive by entering a guilty plea. The trial judge thoroughly informed him about his right to a jury trial and the presumption of his innocence. The trial judge informed Gladney that, if convicted, the minimum sentence would be three years' imprisonment and that a jury could fix his sentence at life imprisonment. Gladney was also informed that he would have a right to appeal a conviction by a jury, but that such rights would be waived by entering a plea of guilty. Gladney acknowledged that he understood all of this information and the rights he would waive. The trial judge then heard from the State concerning the factual basis for the crime. The State communicated that it was prepared to prove the following:
on or about the 5th day of December, 2002, in Choctaw County, Mississippi, and within the jurisdiction of this Court, did willfully, unlawfully, and feloniously take against the will of and from the presence of Janet Tanksley and/or Versa Fair certain personal property, to-wit: approximately $16,567 . . . the property of Merchants & Farmers Bank located on Highway 15 North in Ackerman, Mississippi, by putting the said Janey Tanksley and Versa Fair in fear of immediate injury to their person by the exhibition of a deadly weapon, a shotgun. . . .
*1221 The following exchange then took place between the trial judge and Gladney:
BY THE COURT: You have heard what the State intends to prove in the event this case would go to trial. Did you do that? What he just said you did?
BY THE DEFENDANT: Yes, sir.
BY THE COURT: Are you pleading guilty because you are, in fact, guilty of this charge?
BY THE DEFENDANT: Yes, sir.
BY THE COURT: You expect the State to make a recommendation in this matter. Do you understand I don't have to accept that and may instead impose any sentence the law allows for this? In other words, they are going to make some kind of plea bargain recommendation. Do you understand I don't have to do, that I could do anything that the law allows?
BY THE DEFENDANT: Yes, sir.
BY THE COURT: Okay. If I sentence you to a term of incarceration because of the nature of the charge, you would not be subject to any early release, probation or parole. Do you understand that?
BY THE DEFENDANT: Yes, sir.
Factual Basis
¶ 10. Gladney relies on caselaw in arguing that the most serious crime for which he could have been convicted was accessory after the fact of armed robbery. Miss.Code Ann. § 97-1-5 (Rev.2000); Harrell v. State, 583 So.2d 963 (Miss.1991). In Harrell, the Mississippi Supreme Court upheld a conviction for the crime of accessory after the fact of robbery where the State had produced legally sufficient evidence to convict Harrell of that charge. Id. at 965. Evidence advanced by the State included that Harrell assisted two "active" robbers of a bank in preparing for the robbery and fleeing after the robbery was accomplished. Id. at 964. The opinion states nothing about Harrell being charged with the crime of armed robbery.
¶ 11. An adequate factual basis for a guilty plea "may be established by the admission of the defendant, but the admission must contain factual statements constituting a crime or be accompanied by independent evidence of guilt." Hannah v. State, 943 So.2d 20, 27(¶ 16) (Miss.2006) (citing Reynolds v. State, 521 So.2d 914, 917 (Miss.1988)). A factual basis cannot be implied from the fact that a guilty plea was entered by a defendant. Lott v. State, 597 So.2d 627, 628 (Miss.1992) (citation omitted). What is required is "an evidentiary foundation in the record which is `sufficiently specific to allow the court to determine that the defendant's conduct was within the ambit of that defined as criminal.'" Id. (quoting United States v. Oberski, 734 F.2d 1030, 1031 (5th Cir. 1984)).
¶ 12. The essential elements of armed robbery include: "(1) a felonious taking or attempt to take, (2) from the person or from the presence, (3) the personal property of another, (4) against his will, (5) by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon." Bush v. State, 895 So.2d 836, 843(¶ 15) (Miss.2005) (citing Miss. Code Ann. § 97-3-79 (Rev.2006)). Gladney's admission to accomplishing what the State intended to prove at trial was a sufficient factual basis for the trial judge to accept Gladney's guilty plea for the crime of armed robbery.
*1222 Right to Appeal
¶ 13. Gladney argues that the trial judge misinformed him about his right to appeal his sentence. The specific comment made by the trial judge was that Gladney would have a right to appeal his conviction in the event he was convicted by a jury. The trial judge stated that such rights would be waived if Gladney entered a guilty plea. Both of these statements are correct statements of the law. The trial judge never stated that Gladney would be prohibited from appealing his sentence.
¶ 14. Convictions as a result of a guilty plea are statutorily prohibited from being directly appealed to an appellate court. Miss.Code Ann. § 99-35-101 (Rev. 2000). The proper method of seeking relief is through the Mississippi Uniform Post-Conviction Collateral Relief Act. Miss.Code Ann. § 99-39-1 to -29; Berry v. State, 722 So.2d 706, 707(¶ 5) (Miss. 1998). Notwithstanding this jurisdictional bar, certain issues may properly be brought before an appellate court on direct appeal from a conviction resulting from a guilty plea. Id. at 707(¶ 5); see Trotter v. State, 554 So.2d 313 (Miss.1989) (appellate jurisdiction valid in matters involving a direct appeal from a sentence). The trial court did not misinform Gladney concerning his right to appeal his conviction.
Parole Eligibility
¶ 15. Gladney argues that he was denied due process of law when the trial judge told him that he would not be subject to any early release, probation or parole because of the nature of the charge. Gladney relies on caselaw to conclude that he was not prohibited from parole eligibility due to his conviction for armed robbery. Wilson v. Puckett, 721 So.2d 1110 (Miss. 1998). In Wilson, the Mississippi Supreme Court affirmed the denial of post-conviction relief and held that inmates "shall not be eligible for an earned time allowance if the inmate has not served the mandatory time required for parole eligibility for conviction of robbery or attempted robbery with a deadly weapon." Id. at 1112(¶ 7) (citing Miss.Code Ann. § 47-5-139(1)(e)). Gladney can find no support in Wilson due to his ineligibility for parole.
¶ 16. This Court has previously recognized that "Mississippi Code Annotated section 47-7-3(1)(d)(ii) (Supp.2003) pertains to convictions for robbery . . . through the display of a deadly firearm. . . ." Thomas v. State, 881 So.2d 912, 916(¶ 11) (Miss.Ct.App.2004). We also recognized that this statute "indeed forecloses armed robbers convicted after October 1, 1994, from parole eligibility." Id.; see also Garner v. State, 928 So.2d 911, 914(¶ 10) (Miss.Ct.App.2006) (parole ineligibility under Section 47-7-3(1)(d)(ii) (Supp.2006) applied to guilty plea of armed robbery entered in 2001). Failure to inform a criminal defendant entering a guilty plea of parole ineligibility has been held to be reversible error. See Garner v. State, 944 So.2d 934, 937(¶ 6) (Miss.Ct. App.2006) (noting reversal for evidentiary hearing where the trial court had incorrectly advised a defendant that he would be eligible for parole after serving the first ten years of his sentence, when the entire sentence was without parole eligibility pursuant to Section 47-7-3(1)(d)(ii).
¶ 17. Gladney entered his guilty plea in February 2003, well after the date when Section 47-7-3(1)(d)(ii) became applicable to persons convicted for armed robbery. The trial judge properly informed Gladney about his ineligibility for parole or early release.
*1223 Mistaken Advice from Counsel
¶ 18. Gladney argues that he was misinformed by his attorney about what sentence he would receive if he went to trial. The mistaken advice Gladney claims to have received is that his attorney said he would get life in prison if he opted to proceed with a jury trial.
¶ 19. By Gladney entering his guilty plea, he reaped the benefits of having certain charges retired and escaped the possibility of receiving a sentence of life imprisonment. He confessed in open court that he robbed a bank with a shotgun and that this was the reason he was entering his guilty plea. The affidavits he supplies support only that he was initially reluctant to enter a guilty plea and that his attorney informed him that he would be sentenced to life imprisonment if he proceeded to trial. Life imprisonment was certainly a likely possibility had Gladney been convicted by a jury.
¶ 20. The trial judge ensured that Gladney was properly informed about his option to seek a jury trial. Gladney was also informed that, if convicted, his sentence could be anything from three years imprisonment to life imprisonment if so fixed by a jury. The trial judge accepted Gladney's plea of guilty and found that Gladney's plea was freely and voluntarily given.
¶ 21. The record reflects that the exchange between Gladney and the trial judge corrected any misinformation Gladney had previously received. On the record questioning and explanation by the trial judge concerning the defendant's rights and the consequences of a plea rendered a plea voluntary despite advice by an attorney that was given to the defendant. Richardson v. State, 769 So.2d 230, 234(6) (Miss.Ct.App.2000) (citing Roland v. State, 666 So.2d 747, 750 (Miss.1995); Smith v. State, 636 So.2d 1220, 1225 (Miss. 1994)). The decision of the trial court that Gladney entered his plea knowingly and voluntarily was not clearly erroneous. Gladney's guilty plea meets the constitutional requisites of validity.
3. Effectiveness of Counsel
¶ 22. Gladney argues that his attorney never attempted to interview witnesses and coerced him into entering a guilty plea by stating he would receive life imprisonment if he went to trial. Gladney's argument concerning misinformation by his attorney has previously been addressed. Gladney does not include the identity of any potential witnesses. The only details about which Gladney argues witnesses could have testified include that Gladney did not fire the weapon during the robbery and that Gladney was not "fully involved" in the crime.
¶ 23. We review Gladney's argument under a two-part inquiry of whether counsel's performance was deficient, and whether that deficiency resulted in prejudice to Gladney. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This test applies equally to guilty pleas and jury trials. Hannah, 943 So.2d at 24(¶ 6) (citation omitted). Our review is mindful that we must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Branch v. State, 882 So.2d 36, 52(¶ 27) (Miss.2004). The services of Gladney's attorney are presumed competent. Id. Gladney has the burden of proving that his attorney's performance was deficient and prejudicial. Id. (citing Hansen v. *1224 State, 649 So.2d 1256, 1258 (Miss.1994)). We consider the "totality of the circumstances" in deciding if counsel's actions were deficient. Swington v. State, 742 So.2d 1106, 1114(¶ 22) (Miss.1999) (citation omitted).
¶ 24. We do not find that Gladney met his burden on the first prong, that counsel was deficient. Even had Gladney met his burden on the first prong, he has wholly failed to meet his burden on the second prong of Strickland. The second prong of Strickland requires that Gladney show that there "is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Hannah, 943 So.2d at 24(¶ 6) (Miss.2006) (citing Strickland, 466 U.S. at 694, 104 S.Ct. 2052). This requires Gladney to show that there is a reasonable probability that, but for his attorney's error, he would not have entered a guilty plea, would have insisted on going to trial, and that the outcome of the trial would have been different. Hannah, 943 So.2d at 24(¶ 7). The focus of our review is "whether the evidence and testimony, if properly investigated and presented, would have changed the outcome had the parties gone forward." Id. at 25(¶ 9). No argument or evidence has been presented to demonstrate that the integrity of the plea hearing proceeding has been compromised or that would shake our confidence in the outcome of that proceeding.
4. Legality of Sentence
¶ 25. Gladney argues that his sentence is excessive. He repeats his argument that the greatest crime for which he can be guilty is accessory after the fact to armed robbery. We have already found that argument to be without merit. Gladney also argues that the trial judge failed to take into account mitigating factors that Gladney was influenced by the older co-defendant, Gladney's young age, lack of criminal background, family hardship, lack of victim's desire that he receive this harsh of a sentence, and Gladney's admission to the offense which saved the State taxpayers additional time and expenses. However, he fails to provide any evidence to support the validity of these claims. The holdings in Harrell and Wilson, upon which Gladney supports his argument, have already been discussed above, and do not support Gladney's argument.
¶ 26. The focus of Gladney's argument seems to be that the trial judge was obligated to consider Gladney's status as a minor and other alleged mitigating factors. We note that the circuit court had statutory jurisdiction over Gladney's case because the crime involved a firearm and Gladney was over the age of fifteen. Miss.Code Ann. § 43-21-159(7) (Rev.2000). Due to the nature of the offense, upon Gladney's conviction by entering his plea of guilty, the circuit court properly sentenced Gladney as if he were an adult. Miss.Code Ann. § 43-21-159(4) (Rev.2000); Strahan v. State, 729 So.2d 800, 809(¶ 39) (Miss. 1998). The trial judge was under no obligation to consider Gladney's age or other possibly mitigating factors.
¶ 27. Gladney was sentenced to a thirty year term of imprisonment in accordance with what the State had recommended, and what Gladney expected the State to recommend. Only a jury could fix Gladney's sentence to a term of life imprisonment. The trial judge had statutory discretion to sentence Gladney "to a definite term reasonably expected to be less than life." Cox v. State, 793 So.2d 591, 599(¶ 36) (Miss.2001) (quoting Stewart v. State, 372 So.2d 257, 258-59 (Miss.1979)). *1225 In Cox, the supreme court affirmed a sentence of thirty years imprisonment for armed robbery. Id. There, the supreme court noted that absent from the appellant's contention was evidence that the thirty year sentence was the equivalent of a life sentence. Id. at 599(¶ 36). It is necessary for Gladney to make some showing that his sentence exceeds the limits of Section 97-3-79. Sentencing is within the complete discretion of the trial court and will not be reviewed for error where it is within the statutorily prescribed limits. Isom v. State, 928 So.2d 840, 850(¶ 41) (Miss.2006); Cox, 793 So.2d at 599(¶ 38).
¶ 28. The record reflects that Gladney was well aware of the sentence the trial court would impose upon him as a result of his guilty plea. The record also reflects that the trial judge was aware that Gladney was seventeen years of age at the time of his conviction and sentence. Absent some further misconduct, Gladney would have completed his term of imprisonment at the age of forty-seven. The sentence Gladney received does not exceed the statutory maximum sentence allowed and is therefore legal.
5. Cumulative Error
¶ 29. Gladney argues that even if the individual claims do not constitute error, their cumulative effect deprived him the right to constitutionally fair proceedings. Our analysis of a claim of cumulative error involves cases where we find "harmless error or any error which is not specifically found to be reversible in and of itself. . . ." Powers v. State, 945 So.2d 386(¶ 26) (Miss. 2006) (quoting Byrom v. State, 863 So.2d 836, 847 (Miss.2003)). We may also determine on a case by case basis "whether such error or errors, although not reversible when standing alone, may when considered cumulatively require reversal because of the resulting cumulative effect." Id.
¶ 30. The record and arguments before us demonstrate that Gladney has not been denied any rights or suffered from an unfair conviction or sentence. His arguments are without merit.
¶ 31. THE JUDGMENT OF THE CHOCTAW COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CHOCTAW COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. CHANDLER, J., NOT PARTICIPATING.